ALLAN STEYER (Cal. Bar No. 100318)
D. SCOTT MACRAE (Cal. Bar No. 104663)
JILL M. MANNING (Cal. Bar No. 178849)
STEYER LOWENTHAL BOODROOKAS
  ALVAREZ & SMITH LLP
One California Street, Third Floor
San Francisco, California 94111
Telephone: (415) 421-3400
Facsimile: (415) 421-2234
e-mail: asteyer@steyerlaw.com
e-mail: jmanning@steyerlaw.com

Counsel for Plaintiff Chaejean Ko

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHAEJEAN KO, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>KOREAN AIR LINES CO., LTD., and ASIANA AIRLINES, INC., corporations of the Republic of Korea,<br><br>　　　　　　Defendants. | No. C 07-04977 CRB<br><br>**NOTICE OF OBJECTION OF PLAINTIFFS KAZ FUJITA AND CHAEJEAN KO TO THE NOVEMBER 13, 2007 ORDER APPOINTING INTERIM LEAD COUNSEL IN HYUNG PARK, ET AL. V. KOREAN AIR LINES CO., LTD., ET AL., CASE NO. CV-07-05107 (SJO) (C.D. Cal.)** |

## INTRODUCTION AND BACKGROUND

There are approximately 68 cases pending in various district courts around the country against Korean Air Lines Co., Ltd. ("Korean Air") and/or Asiana Airlines, Inc. ("Asiana") (collectively, "the Defendants"). The cases assert claims against Defendants and their co-conspirators arising from an international conspiracy, beginning no later than January 1, 2000, and continuing until at least July 16, 2006, with the purpose and effect of eliminating and suppressing competition by fixing wholesale and passenger fares charged for air travel between the United States and Korea. As a result of Defendants' unlawful conduct and conspiracy, Plaintiffs allege that they and the members of the Class paid artificially high prices for passenger air transportation and fuel surcharges.

On August 8, 2007, Plaintiff James Van Horn filed a motion and opening brief before the Judicial Panel on Multidistrict Litigation ("Panel") seeking consolidation of his case with three other related actions and transfer to the Western District of Washington. Since then, papers have been filed in support of transfer of the Korean Air cases to the Central District of California, Northern District of California and the District of Massachusetts.[1] The hearing on the Van Horn and related motions is scheduled for November 29, 2007.

On November 13, 2007, the Honorable S. James Otero of the Central District of California held a Status Conference regarding the consolidation of the 18 cases before him. During the Status Conference, Judge Otero consolidated the 18 cases pending before him, appointed Interim Class Counsel for the Plaintiffs solely for purposes of filing a consolidated amended complaint, ordered the Plaintiffs to file a consolidated amended complaint and set a briefing schedule and hearing date for an anticipated motion to dismiss. See Exhibit A (November 13, 007 Minute Order).

Plaintiffs Fujita and Ko object to Judge Otero's order on the grounds that: 1) it fails to comply with the Federal Rules of Civil Procedure governing the appointment of Interim Class

---

[1] There are 22 cases pending in the Northern District of California; 21 in the Western District of Washington; and 18 in the Central District of California.

NOTICE OF OBJECTION OF PLAINTIFFS KAZ FUJITA AND CHAEJEAN KO TO THE NOVEMBER 13, 2007 ORDER APPOINTING INTERIM LEAD COUNSEL IN HYUNG PARK, ET AL. V. KOREAN AIR LINES CO., LTD., ET AL., CASE NO. CV-07-05107 (SJO) (C.D. Cal.)
Case No. C 07-04977 CRB
S:\Korean Air Lines\Notice of Objection-Efiling With District Courts\Northern District\Ko case\Notice of Objection.wpd

1   Counsel; and 2) it conflicts with the Panel's authority under 28 U.S.C. § 1407 to determine the
2   most appropriate forum for this litigation.

## ARGUMENT

**1.    Judge Otero's Order Fails to Comply with Rule 23(g) of the Federal Rules of Civil Procedure.**

Rule 23(g) of the Federal Rules of Civil Procedure provides that a court "may designate Interim Class Counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(2)(A). The Manual for Complex Litigation instructs that courts should "engage in an independent review" of attorneys submissions regarding lead counsel, and that the goal of the court in considering whom should be appointed Interim Class Counsel is to determine who will best represent the interests of the class and who will be able to accomplish the goals of efficiency and economy in doing so. See *Manual for Complex Litigation* (Fourth) §10.221("*Manual*").

Rule 23 sets forth the four factors to be considered when selecting Interim Class Counsel: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law and the field at issue; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(C)(i). No single factor is determinative; all factors should be considered. See Fed. R. Civ. P. 23 advisory committee notes (2003 Amendments).

Judge Otero failed to conduct the analysis required by Rule 23(g) prior to ordering the appointment of Interim Class Counsel notwithstanding the fact that the appointment is limited to the filing of an amended consolidated complaint and without prejudice to a subsequent appointment of interim lead counsel. Judge Otero did not schedule a hearing on the issue and set a briefing schedule to allow the parties to submit evidence in support of and against candidates for Interim Lead Counsel as set forth in Rule 23(g). Instead, during a Status Conference, Judge Otero instructed counsel to "meet and confer in the corridor and see if you can come up with a

---

NOTICE OF OBJECTION OF PLAINTIFFS KAZ FUJITA AND CHAEJEAN KO TO THE NOVEMBER 13, 2007 ORDER APPOINTING INTERIM LEAD COUNSEL IN HYUNG PARK, ET AL. V. KOREAN AIR LINES CO., LTD., ET AL., CASE NO. CV-07-05107 (SJO) (C.D. Cal.)
Case No. C 07-04977 CRB
S:\Korean Air Lines\Notice of Objection-Efiling With District Courts\Northern District\Ko case\Notice of Objection.wpd

suggestion as to who that [Interim Lead] counsel should be, or, group of counsels."  See Ex. B

2  (November 13, 2007 Transcript) at p. 24:19-22.  Following a 30-minute recess, Plaintiffs'

3  counsel (in a divided decision)  requested that the Court appoint the attorney who filed the first

4  case.  Ex. B at p. 26:20-27:1.  The Defendants' counsel requested that the interests of efficiency

5  demand that the Court refrain from proceeding with the matter until after the Panel determined

6  the forum for the litigation.  Ex. B at p. 20:2-15.  The Court appointed Interim Class Counsel for

7  purposes of filing a consolidated amended complaint and opposing an anticipated motion to

8  dismiss.  See Ex. A.  In doing so, the Court failed to engage in the requisite analysis required by

9  Federal Rule 23(g).

**2.    Judge Otero's Order Interferes With the Authority of this Panel to Determine the Appropriate Forum for this Multidistrict Litigation Pursuant to 28 U.S.C. § 1407.**

The *Manual* provides that one of the most important factors to consider when appointing lead counsel is "achieving efficiency and economy without jeopardizing fairness to the parties."  Manual at §10.221.  Similarly, the Panel is charged with the duty of deciding which forum would be most convenient to the parties and the witnesses and would promote the just and efficient conduct of the litigation. Judge Otero's order appointing Interim Class Counsel, ordering the filing of a consolidated complaint the week following the Panel's November 29, 2007 hearing, and setting a briefing schedule on a motion to dismiss thwarts the goal of achieving efficiency and economy in this action.  Judge Otero's November 13, 2007 Order not only invites the possibility of such inefficiencies, it seeks to thwart this Panel's authority.  When Defendants' counsel requested that the Court stay the matter until after the hearing on November 29, 2007, the Court stated that "I understand that one of the risks in terms of the path I'm taking is that it may be that the Panel will conclude that since this District Court has gone forward that the matters should be brought here."  Ex. B at p. 20:19-23.  The fact that one District Court has determined to move forward with the litigation despite the immediate pendency of a decision from this Panel should have no bearing on this Panel's decision.

NOTICE OF OBJECTION OF PLAINTIFFS KAZ FUJITA AND CHAEJEAN KO TO THE NOVEMBER 13, 2007 ORDER APPOINTING INTERIM LEAD COUNSEL IN HYUNG PARK, ET AL. V. KOREAN AIR LINES CO., LTD., ET AL., CASE NO. CV-07-05107 (SJO) (C.D. Cal.)
Case No. C 07-04977 CRB
S:\Korean Air Lines\Notice of Objection-Efiling With District Courts\Northern District\Ko case\Notice of Objection.wpd

## **CONCLUSION**

In conclusion, Plaintiffs Kaz Fujita and Chaejean Ko respectfully object to Judge Otero's November 13, 2007 Order on the grounds that it fails to comply with the Federal Rules of Civil Procedure governing the appointment of Interim Class Counsel, and it interferes with this Panel's authority to determine which forum would be most convenient to the parties and the witnesses and would promote the just and efficient conduct of the litigation.

Dated: November 27, 2007            Respectfully submitted:

STEYER LOWENTHAL BOODROOKAS
  ALVAREZ & SMITH, LLP


By:    */s/ Allan Steyer*
       Allan Steyer (100318)

One California Street, Third Floor
San Francisco, California 94111
Telephone: (415) 421-3400
Facsimile: (415) 421-2234

Attorneys for Plaintiffs Kaz Fujita and Chaejean Ko

---

4
NOTICE OF OBJECTION OF PLAINTIFFS KAZ FUJITA AND CHAEJEAN KO TO THE NOVEMBER 13, 2007 ORDER APPOINTING INTERIM LEAD COUNSEL IN HYUNG PARK, ET AL. V. KOREAN AIR LINES CO., LTD., ET AL., CASE NO. CV-07-05107 (SJO) (C.D. Cal.)
Case No. C 07-04977 CRB
S:\Korean Air Lines\Notice of Objection-Efiling With District Courts\Northern District\Ko case\Notice of Objection.wpd